[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In a single assignment of error, plaintiff-appellant Kathleen M. Helmkamp appeals from that portion of the trial court's judgment vacating a magistrate's decision that ordered her former husband, defendant-appellee Michael J. Helmkamp, to contribute to the cost of parochial-school education for their teenage son.
The Helmkamps' marriage ended in 1990. Kathleen was the residential parent for their then three-year old son. The decree of dissolution required Michael to pay the lesser of $800 per year or 60% of their son's yearly tuition at a local parochial school through the twelfth grade. Kathleen and the son moved to California in 1992 and, by an agreed entry journalized in the domestic relations court, ended the tuition-support requirement.
In 2002, Kathleen, again a resident of Hamilton County, moved the domestic relations court for an increase in support for their son. The son currently attends McNicholas High School and has been diagnosed with attention deficit disorder and reading-comprehension problems. The standard tuition is $5,200 per year. His learning-disability program costs an additional $1,800 per year, plus tutoring costs of $60 per hour. Kathleen's motion sought a contribution from Michael for these costs.
The motion was heard by a magistrate. Kathleen and Michael testified at the hearing. The magistrate's decision found that Kathleen "had a right to rely on" the 1990 tuition-support agreement and ordered Michael to "contribute 60% of [their son's] high school tuition expenses or $800.00per month, whichever amount is less * * *." (Emphasis added.)
Both parties filed objections to the magistrate's decision. The domestic relations court reviewed the proceedings before the magistrate and heard the arguments of counsel. The court noted that it was proper to order a parent to pay private-school tuition when (1) it was in the best interest of the child to have private schooling; (2) the payor could afford to pay the tuition; (3) the child had been in private schooling; and (4) private schooling would have continued if not for the ending of the marriage. See Brock v. Brock (Nov. 17, 1995), 2nd Dist. No. 15075. In considering whether to grant a deviation pursuant to R.C. 3119.22, the court may consider the educational needs of the child and "the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen." R.C.3119.23(N).
The domestic relations court vacated the magistrate's conclusions on tuition support when it found insufficient evidence advanced by Kathleen on the first and fourth factors. At the hearing before the magistrate, Kathleen maintained that their son was making educational progress at McNicholas, but Michael testified that he had investigated the local public schools and found that they had ample resources to handle their son's learning disabilities. Michael maintained that it would be in the child's best interests to attend public school. Moreover, the May 6, 1992 agreed order, entered into before their son began grade school at age five, which relieved Michael of any obligation to pay for parochial schooling, was probative and persuasive evidence that parochial schooling would not have continued if not for the ending of the marriage.
An appellate court will not disturb a lower court's decision concerning child support absent an abuse of discretion. See Booth v. Booth (1989),44 Ohio St.3d 142, 144, 541 N.E.2d 1028; see, also, Lassiter v.Lassiter, 1st Dist. No. C-010309, 2002-Ohio-3136, at ¶ 6 and 7. Where, as here, the domestic relation court's decision is not arbitrary or unconscionable, and where a sound reasoning process supports the result, the trial court did not abuse its discretion in vacating the magistrate's decision in part. See AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597; see, also, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140; Booth v. Booth, 44 Ohio St.3d at 144,541 N.E.2d 1028. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.